[No. 5301.]

## FREDERICK RHODA AND A. D. WILSON v. ALAMEDA COUNTY.

SUIT ON CLAIM AGAINST A COUNTY.—In an action on a claim against a county, the plaintiff must aver all the matters required by the statute in relation to his presentation of the claim to the Board of Supervisors, and their rejection of the same. An averment that the claim has been duly presented and rejected is not sufficient.

PLEADING CONDITION PRECEDENT.—A general allegation in a pleading of the performance of a condition precedent, is insufficient, except in cases of contract, when it is authorized by statute.

The complaint averred that the defendants broke down a portion of the inner walls of the plaintiff's fire-proof brick building at East Oakland, and severed from the same a permanent fixture, to wit, a metallic vault of the value of five thousand dollars. Judgment was asked for that amount. The county was served with process, and judgment was rendered against it by default. The defendant appealed. The other facts are stated in the opinion.

*John R. Glascock*, District Attorney, for Appellant.

The complaint does not state that the claim alleged to have been presented to the Board of Supervisors was duly verified, etc. The statute lays down the steps to be taken by a claimant against a county precedent to institution of suit. (Political Code, secs. 4072–5.) Being a statutory right, the complaint must allege the steps taken.

"In actions upon contracts, a general allegation of the performance of conditions precedent is declared sufficient by our statute. But a general allegation of the performance of conditions prescribed by our statute has not been so declared, and is not therefore sufficient." (*Himmelman* v. *Danos*, 35 Cal. 448.)

Again, it is not alleged that any claim was presented to the Board for $5,000.

*H. K. W. Clarke*, for the Respondent.

The allegation of presentation of the claim to the Board of Supervisors and its rejection is sufficient, under case of *Alden* v. *County of Alameda*, 43 Cal. 272.

By the COURT:

The Political Code (sec. 4072) prohibits the Board of Supervisors from considering a claim against the county " unless an account, properly made out, giving all items of the claim, duly verified as to its correctness, and that the amount claimed is justly due, is presented to the Board within a year after the last item of the account occurred." No action can be prosecuted against the county on such demand until it has been first presented to the Board of Supervisors for allowance, in the manner required by the statute, and has been rejected. (*Alden* v. *County of Alameda*, 43 Cal. 272.)

The averment on this point in the complaint in the present action is, that the plaintiffs " have duly presented their claim for the value of said vault to the Board of Supervisors of said County of Alameda, for allowance, and that said Board have rejected said claim, and the whole thereof."

This averment is insufficient. It is the averment in general terms of the performance of a condition precedent prescribed by the statute : " In actions upon contracts, a general allegation of performance of conditions precedent is declared sufficient by our statute. But a general allegation of the performance of conditions prescribed by a statute has not been so declared, and is not therefore sufficient." (*Himmelman* v. *Danos*, 35 Cal. 441.)

" When a pleader wishes to avail himself of a statutory privilege or right given by particular facts, he must show the facts." (*Dye* v. *Dye*, 11 Cal. 167.) In *People* v. *Johnson*, 24 Cal. 630, the relator claimed title under the location of a school land warrant, and the complaint averred " that said location was duly and properly made, and in all respects according to the provisions of said act." In commenting on the sufficiency of this averment, the Court says : " The act prescribes the conditions upon which the title of the State to the five hundred thousand acres donated to her by the General Government may be secured. These conditions are conditions precedent, and their performance must be specifically averred. It is for the Court, and not the pleader, to say whether those conditions have been duly complied with. The facts showing such performance must be pleaded. * * * In all cases except contracts, the performance of conditions precedent must be specially pleaded." In each of these cases the question arose on a general demurrer to the complaint. The averment that the plaintiffs " *duly* presented their claim " is not sufficiently specific, and states only a conclusion of law. It should have stated the facts relied upon as constituting a due presentation to enable the Court to determine whether it was properly presented.

Judgment reversed and cause remanded.