[No. 8,506.    In Bank —January 26, 1885.]

CITY OF STOCKTON, APPELLANT, *v.* GEORGE DAHL, AND LOTS NOS. 2 AND 4, IN BLOCK No. 17, EAST OF CENTER STREET, IN SAID CITY OF STOCKTON, RESPONDENTS.

STREET ASSESSMENT—UNVERIFIED ANSWER—JUDGMENT ON PLEADINGS.—Under section 21 of the act of March 27, 1872, re-incorporating the city of Stockton, an answer in an action to enforce a street assessment must be verified. If an unverified answer be filed to a complaint which states facts sufficient to constitute a cause of action, and on the trial the defendant introduces no evidence, the plaintiff is entitled to judgment on the pleadings, although the evidence introduced by him was insufficient to prove all the material allegations of the complaint.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was brought by the city of Stockton, a municipal corporation, under an act entitled " an act to re-incorporate the city of Stockton," approved March 27, 1872, and the acts amendatory thereof, to enforce a street assessment against certain lots in that city, for gravelling the street in front of such lots. The complaint alleges in detail the performance by the city council of the various acts necessary to obtain jurisdiction of the work and the ordering of the same, the letting of a contract therefor, the completion of the work and acceptance thereof, the making and equalization of the assessment for the expense of the work, together with the various acts required to be done by the act, down to and including the delivery of the assessment

list to the city collector, and the delinquency of the defendants
for the amounts assessed against the lots, and the non-payment
thereof.   The further facts appear in the opinion of the court.

*Stanton L. Carter*, *Frank H. Smith*, and *J. A. Louttit*, for
Appellant.

*Byers & Elliott*, for Respondents.

SHARPSTEIN, J.—The complaint states facts sufficient to con-
stitute a cause of action on a street assessment.   The law de-
clares that to such a complaint "no answer shall be filed
* * * unless the same be *verified* by oath."   (Stats. 1871–2,
§ 21.)   An *unverified* answer was, in fact, filed.   But it was
filed in violation of the statute.   The plaintiff introduced some
evidence, but not enough, in the opinion of the court, to prove
all the material allegations of the complaint.   No evidence was
introduced by the defendants.   That introduced by the plain-
tiff was entirely consistent with the allegations of the complaint,
and unless we can treat an unverified answer as sufficient to
raise an issue to be tried, the plaintiff was entitled to judgment
upon the pleadings.   Does the fact of its having introduced
evidence tending to prove allegations which were not denied,
place it in a worse position than it would have occupied if it
had introduced no evidence ?   If not, upon what ground was
the court justified in finding that any material allegation of the
complaint was not true ?

If the defendants had, in the absence of a denial of any ma-
terial allegation of the complaint, introduced, without objection,
evidence tending to disprove such allegation, it might be held,
as it has been in several cases, that the appellant could not be
permitted to make that objection for the first time here.   But
in the absence of any denial of any allegation of the complaint,
or of any evidence tending to prove that any allegation is un-
true, how can a finding that any allegation is untrue in fact be
justified ?

As the case is presented to us by the record, we think the
only question to be considered is whether the complaint states
facts sufficient to constitute a cause of action.   Of that we have
no doubt.

Judgment reversed and cause remanded, with directions to the court below to permit the defendants to file a verified answer to the complaint within ten days after the remittitur herein is filed in the court below, and that said court try the issues so raised. But if the defendants fail to file such answer within the time above specified, the court is directed to enter judgment for the plaintiff, as prayed in the complaint.

Ross, J., McKinstry, J., Morrison, C. J., and McKee, J., concurred.

Rehearing denied.