[No. 8741. In Bank. — May 17, 1886.]

FREDERICK RHODA ET AL., APPELLANTS, *v.* ALAMEDA COUNTY, RESPONDENT.

CLAIM AGAINST COUNTY — VERIFICATION. — The verification of a claim against a county for a specified amount stated that the claim "is true and correct, and that the same is due and owing from said county to deponent." *Held*, that the verification substantially complied with the requirements of section 4072 of the Political Code.

APPEAL from a judgment of the Superior Court of Alameda County.

The action was brought to recover damages for the removal of a fire-proof vault from the premises of the plaintiffs, and its conversion by the defendant. The opinion on a former hearing is reported in 52 Cal. 350. The further facts are stated in the opinion of the court.

*William & George Leviston,* for Appellants.

*E. M. Gibson,* for Respondent.

Ross, J.—The position taken by the respondent, that it was held by this court when the case was first here (52 Cal. 350) that the original complaint contained no cause of action, and that the present amended complaint, if it contains any, contains an entirely new and distinct one against which the statute has run, cannot be sustained. The only difficulty with the original complaint was that it did not sufficiently allege the presentation of the claim to the board of supervisors, which was but a condition precedent to the plaintiff's right to present his cause of action to the court. The allegation of the amended complaint in respect to that matter is, that the affidavit accompanying the claim presented to the board contained the statement that the claim "is true and correct; that the same is due and owing from said county to deponent," etc. It is contended that this is not a compliance with the provision of the statute which requires the affidavit to such a claim to state "that the amount claimed is justly due."

In our opinion, the verification to the effect that the claim, which was for a certain number of dollars, "is true and correct, and that the same is due and owing from said county to deponent," is a substantial compliance with the provision of the statute. It results that the

judgment must be reversed and the cause remanded to the court below for further proceedings.

So ordered.

MORRISON, C. J., THORNTON, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.