[No. 15687.    Department One.—June 4, 1895.]

OAKLAND BANK OF SAVINGS, RESPONDENT, v. DANIEL T. SULLIVAN, APPELLANT, AND MARY J. SULLIVAN ET AL., RESPONDENTS.

STREET IMPROVEMENT—RESOLUTION OF INTENTION—POSTING AND PUBLI-
CATION OF NOTICES.—Under section 3 of the Street Improvement Act of 1885 (Stats. 1885, p. 148), the city council has jurisdiction to order an improvement, when a period of fifteen days has elapsed after the first posting of the resolution of intention to do the work, and ten days after the full period of newspaper publication thereof.

ID.—WARRANT, ASSESSMENT, AND DIAGRAM—AFFIDAVIT OF NONPAYMENT
—PLEADING—EVIDENCE.—Where the complaint, in an action to enforce the lien of a street assessment, alleges the delivery to the plaintiff of the warrant, assessment, and diagram, and exhibits the character of the same with sufficient particularity to show that they were made in con-
formity with sections 8 and 9 of the Street Improvement Act of 1885, and also alleges the making and return of the affidavit of demand and nonpayment, as required by section 10, and such allegations are admitted by the answer, the plaintiff need not offer such documents in evidence on the trial, in order to establish a prima facie right of recovery. The effect of such allegations and admissions, under the statute, is to cast upon the defendant the burden of proof.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*D. T. Sullivan, in pro. per.*, for Appellant.

*John Yule*, for Plaintiff and Respondent.

*J. C. Martin*, for Respondent Alameda Macadamizing Company.

*J. B. Richardson*, for Respondents Bannister & Lewis.

BRITT, C.—The plaintiff, Oakland Bank of Savings, brought this action to foreclose a mortgage to it executed by defendant, D. T. Sullivan, on certain land in Alameda county. The Alameda Macadamizing Company, a corporation, and Bannister & Lewis, copartners, were joined as parties defendant with the mortgagor, because of their claim of interest in the mortgaged premises. Such premises abut upon both Broadway street and San Jose avenue in the city of Alameda. Said Macadamizing Company had performed work in the grading, paving, etc., of said San Jose avenue, and Bannister & Lewis had done similar work on Broadway street. Such improvements were made in virtue of contracts for that purpose entered into by said Macadamizing Company and Bannister & Lewis, respectively, with the superintendent of streets of said city, under the act to provide for work upon streets, etc. (Stats. 1885, p. 147.)

The Macadamizing Company filed a cross-complaint, wherein it set up the proceedings taken, which, as claimed, established a lien in its favor on the land of Sullivan to secure payment of the sum assessed against the same for the improvement of said San Jose avenue, and prayed the enforcement of said lien. Similarly, Bannister & Lewis sought the enforcement of their lien for the work done on Broadway street.

The court below rendered judgment directing that said contractors, as well as the plaintiff, be paid out of the proceeds of the sale of the premises. Defendant Sullivan appeals.

1. It is said that the board of trustees of the city (exercising the duties of the city council mentioned in the statute) passed its resolution ordering the improvement of San Jose avenue before it acquired jurisdiction so to do under the provision of section 3 of the act referred to (Stats. 1885, pp. 148, 149); and this is the only ground on which the judgment in favor of the Macadamizing Company is assailed. The facts appear to be that the resolution of intention to grade and otherwise improve said avenue was passed by the board on September 16th; that notices of the passage thereof were posted along the line of the contemplated work on September 20th, "and kept posted for fifteen days thereafter"; that a similar notice was published in a newspaper for a period of five days, commencing on said September 20th; and that on October 14th following the board passed its resolution ordering the work to be done.

Appellant's point is that on October 14th fifteen days had not elapsed after the notices of the passage of the resolution of intention were posted; that because the notices were *kept* posted for fifteen days from September 20th, and because the statute (section 3 of the act of 1885) requires the expiration of fifteen days " after the posting" before the council could order the work to be done, therefore the resolution of October 14th was premature, and could not have been lawfully passed before October 20th. This argument is neither specious nor sound. The plain effect of the statute is that when a period of fifteen days after the *first* posting of the notices (as well as ten days after the full period of newspaper publication) had elapsed, the board then had jurisdiction to order the work; not that such period must have intervened after the notices were taken down, if they were taken down at all.

2. The record shows that at the trial the respondents Bannister & Lewis " offered testimony showing that they had performed the work stated in their cross-complaint herein to have been done by them, and also offered in evidence the diagram of such work and the assessment

attached to such diagram, both made by the superin-
tendent of streets of the city of Alameda, as alleged in
their cross-complaint, and further proved that the amount
claimed by them in said cross-complaint had not been
paid; and then rested their case." Appellant then
moved for judgment of nonsuit against Bannister &
Lewis on various grounds of insufficiency of evidence,
which motion was denied; and such denial is now
assigned as error.

The court did not err in refusing to grant such
motion; though the evidence offered may have been
insufficient to make out a case for the plaintiffs in that
cross-complaint had it been incumbent upon them to
offer any proof at all. The act (Stats. 1885, p. 157)
provides that the "warrant, assessment, and diagram,
with the affidavit of demand and nonpayment, shall be
held *prima facie* evidence of the regularity and correct-
ness of the assessment . . . . and of the right of the
plaintiff to recover in the action." Here the cross-
complaint of Bannister & Lewis averred the delivery to
them of such warrant, assessment, and diagram, and
exhibited the character of the same with sufficient par-
ticularity to show that they were made in conformity
with sections 8 and 9 of the act; it also alleged the
making and return by their agent of the affidavit of
demand and nonpayment, as required by the succeed-
ing section 10. None of such averments were denied
in appellant's answer; they were material allegations
(*Himmelman* v. *Danos*, 35 Cal. 441), and, being undenied,
stand as established facts in the case; it was therefore
unnecessary to produce in evidence the documents thus
alleged and described; and the *prima facie* effect im-
puted to them by the statute operated to cast upon
appellant the burden of proof. He might, if he could,
have disproved any statement of the cross-complaint
put in issue by him, but it seems he made no attempt to
do so. We do not overlook the ruling in the case cited
(*Himmelman* v. *Danos, supra*), that the presumption
declared by the statute is one of evidence and not of

pleading. The ruling is no doubt correct. And its effect is to require the statement in the complaint in cases of this character of the matters necessary to show the contractor's right to recover — laying the presumption out of sight. But it does not compel formal proof of matters which, being alleged, are admitted either expressly or impliedly. Such cases are subject to the general rules of procedure prescribed by the code (*Pacific Paving Co.* v. *Bolton*, 97 Cal. 9), among which is that every material allegation of the complaint not controverted by the answer filed must, for the purposes of the action, be taken as true. (Code Civ. Proc. sec., 462; see *City of Stockton* v. *Dahl*, 66 Cal. 377.) The judgment should be affirmed.

Vancliff, C., and Searls, C, concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.