[S. F. No. 1384.    Department One.—February 26, 1900.]

# GEORGE M. PERINE, Respondent, v. MARK E. LEWIS et al., Appellants.

STREET ASSESSMENT—RESOLUTION OF INTENTION—PLEADING — ANTICIPATION OF DEFENSE—NEGATIVING WORK ALREADY DONE.—A complaint to foreclose a street assessment, which shows an assessment sufficient in form to give the board of supervisors jurisdiction to order the street improvement, need not negative, by way of anticipation, any facts constituting matter of defense, and need· not allege that the work was not already done in front of the lot described in the complaint.

ID.—PUBLICATION OF RESOLUTION—CONSTRUCTION OF STATUTE — REGULAR ISSUES OF DAILY NEWSPAPER—OMISSION OF HOLIDAYS—EXTRA ISSUE. Section 34 of the street improvement act, which provides that the resolution of intention "shall be published in a daily newspaper in cities where such there is, and where there is no daily newspaper, in a semi-weekly or weekly newspaper to be designated by the council of such city, as often as the same is issued," whether the latter words are to be considered as referring to the daily or not, is to be construed as requiring the resolution to be published in the daily as often as it is regularly issued. Where the regular publication of a daily was omitted on Sundays and holidays, the publication of the resolution therein upon the days of its regular issue is sufficient; and no publication need be made in an extra issue of half size published upon a particular holiday on account of a strike.

ID.—RECORD OF ENGINEER'S CERTIFICATE—SUFFICIENCY OF PROOF—OMISSION IN CERTIFICATE OF SUPERINTENDENT.—Where it appears that the record of the engineer's certificate in fact immediately followed the record of the assessment, and preceded the record of the diagram and warrant, and that the entire record appeared upon pages 79, 80, and 81, of the volume, the certificate of the engineer that "the foregoing on pages 79, 80, and 81 is a true and correct record of assessment, diagram, and warrant recorded and issued," etc., the omission of the superintendent to designate the engineer's certificate as recorded is not material.

ID.—RECORD OF CONTRACT—VALIDITY OF LIEN.—The prior record of the contract is not requisite to the validity of the lien of the assessment. The statute requires the contract to be recorded after the return of the warrant, if not already recorded, but makes the several amounts assessed a lien upon the lands assessed upon the recording of the warrant, assessment, and diagram, together with the engineer's certificate.

ID.—WORK AT TERMINATION OF STREET—UNDUE ASSESSMENT—APPEAL.—
    Where an assessment upon defendants' lot for work done at
    the intersection of a street terminating in another street is al-
    leged and found to have been for an undue amount, and it does
    not require extrinsic evidence to show that the portion of the
    assessment for work done at the intersection of the streets
    was in violation of the statute, the defendants are entitled to
    object to that portion of the assessment, without having pre-
    viously appealed to the board of supervisors.

ID.—WAIVER AND RELINQUISHMENT OF IMPROPER PART OF ASSESSMENT—
    MODIFICATION OF JUDGMENT.— Where the respondent waives and
    relinquishes the improper part of the assessment, and requests
    a modification of the judgment by striking it out, such request
    will be granted, instead of remanding the cause for a new
    trial.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Carson & Savage, for Appellants.

J. C. Bates, for Respondent.

HARRISON, J.—Action upon a street assessment.

1. The defendants demurred to the complaint, and, it having
been overruled, at the trial of the cause objected to the intro-
duction of any evidence, upon the ground that no cause of ac-
tion was stated in the complaint.  The complaint alleges that
the board of supervisors passed a resolution of intention, "that
Mission street from Silver avenue to Huron street be graded
to the official line and grade; that redwood curbs and rock
gutterways be constructed therein, where not already con-
structed; and that the roadway and sidewalks thereof be mac-
adamized, where not already so done," and that the lot of land
described in the complaint was assessed to pay a portion of the
expense in doing the work embraced in this resolution.  The
specific objection to the complaint is that it fails to allege that
the work authorized under this resolution had not already been
done in front of the lot described in the complaint, and there-
fore does not show that the board of supervisors had jurisdic-
tion to order the work.  It has been held, however, in many
cases, that a resolution in this form is sufficient to give juris-

diction to the board to order the improvement (*Williams v. Bergin*, 116 Cal. 56); and it must follow that, as against a general demurrer, the complaint is sufficient if it alleges the passage of a resolution which in form was sufficient to give the board such jurisdiction. For the purpose of foreclosing the lien of the assessment the complaint must show that the board of supervisors acquired jurisdiction to order the improvement for which the assessment was made. If the defendant would claim that the assessment has been illegally made upon the land described in the complaint, it is a matter of defense to be shown by him either upon appeal from the assessment to the board of supervisors, or, when that is not required, by allegations and proof in the suit for its enforcement. The complaint need not allege any facts anticipatory of such defense.

2. The resolution of intention was passed July 2, 1894, and was published in the "Daily Report"—an official paper of the city, on July 3d and July 5th. The "Daily Report" is not published on Sundays or on certain holidays, of which July 4th is one. On that day, however, on account of the railroad strike, an extra number of the paper was published, in which the above resolution of intention does not appear. The issue of July 3d is No. 2 of the series of the volume, and that of July 5th is No. 3. The issue of July 4th is not numbered as one of the series in the volume. The regular issue of the paper at that period contained seven or eight pages, while the issue of July 4th contains four pages, and is headed "Extra." It was testified that the issue of July 4th was got out on account of the strike; that it was merely an extra for the purpose of selling on the street, although the witness thought it was delivered to subscribers. The court found that there was not a regular issue of the "Daily Report" on July 4th, and it must be held that this finding is supported by the evidence.

Section 34 of the street improvement act provides that the resolution required to be published by the provisions of the act "shall be published in a daily newspaper in cities where such there is, and, where there is no daily newspaper, in a semi-weekly or weekly newspaper to be designated by the council of such city, as often as the same is issued." Whether the

clause "as often as the same is issued" is limited to cases where there is no daily newspaper in the city, or applies to daily newspapers as well, is not involved herein; and if this provision of the section is to be construed literally, or, according to the claim of the appellants, it would require the publication to be made in each of the several issues that are made by the papers every day, whereas it is evident that a publication once a day in a daily newspaper is sufficient. The proper construction of the provision is that the resolution shall be published as often as the paper is regularly issued.

3. The defendants offered in evidence, from volume 117 of the records kept in the office of the superintendent of streets, the record made by that officer of the assessment and other documents connected therewith. It appears from the bill of exceptions that beginning at page 79 of this volume there is copied therein the assessment, and "immediately thereafter follow the words and figures" (setting forth the engineer's certificate), and immediately following the foregoing is copied the diagram. Immediately thereafter is copied the warrant; and after the warrant appear the words and figures following, to wit: "The foregoing, on pages numbers 79, 80, and 81, is a true and correct record of assessment, diagram, and warrant recorded and issued this third day of October, A. D. 1895. Thomas Ashworth, Superintendent of Public Streets, Highways, and Squares, per I. L. Bevans, Deputy." Upon this evidence the appellants contend that it was shown that the certificate of the engineer had not been recorded by the superintendent of streets, for the reason that in his certificate of record he makes no mention of that document. The engineer's certificate was however, copied into the record-book with the other documents, and at the close of the copy the whole is authenticated by the signature of the superintendent. The copy of the documents thus authenticated constitutes a record thereof, even though the officer fails to give a name to each of the documents which is so copied. Whether the documents copied into the record-book are such as are required to be recorded is to be determined by an inspection of the documents themselves, and not by what the recording officer may have designated them, or by the fact that he has omitted to give them any designation. If the

superintendent had certified "the foregoing, on pages 79, 80, and 81, has been correctly recorded this third day of October, 1895," and had authenticated the same by his signature, it could not be contended that the documents found on those pages were not recorded by him, even though he had not designated their character. The same result must follow when he has failed to designate one of the documents so recorded.

4. The statute does not make the lien of the assessment to depend upon a previous recording of the contract. Section 10 provides that after the return of the warrant the superintendent shall record the same, "and also the original contract referred to therein, if it has not already been recorded." Section 9 provides that upon the recording of the warrant, assessment, and diagram, together with the certificate of the city engineer, "the several amounts assessed shall be a lien upon the lands assessed."

5. A portion of the assessment sued on is for that portion of the work done upon the intersection of Mission street and China avenue. China avenue terminates at Mission street. Section 7 of the street improvement act provides that when one street terminates in another street the expense of the work done on one-half of the width of the street, opposite the termination, shall be assessed upon the lots in each of the two quarter blocks adjoining and cornering on the same, and the expense of the other half upon the lots fronting on the street opposite such termination. It is claimed by the appellants that it appears from this assessment that the whole of the expense of the work done at this intersection was assessed exclusively upon the lots in the two quarter blocks adjoining and cornering upon China avenue and Mission street, and that therefore the charge against their lot is double what it should have been. The bill of exceptions does not show whether any portion of the expense of doing the work at this intersection was assessed upon the lots fronting on Mission street, opposite the intersection. But it is alleged in the complaint, and found by the court to be true, that the superintendent made an assessment of eighteen thousand eight hundred and ninety-two dollars for that portion of the entire work, "except that done on the intersections"; and that he made an assessment of one hundred and

ninety-eight dollars and thirty-one cents (which is the amount shown by the assessment objected to) "for that portion of the work done on the intersection of Mission street and China avenue"; and that the lot of the defendants was assessed in the sum of sixty-five dollars and thirty-five cents for "that portion of said work done on the intersection of Mission street and China avenue." In the schedule attached to the certificate of the engineer it appears that on the west half of this intersection there were two hundred and twenty-four cubic yards of grading, and on the east half two hundred and twenty yards, and the assessment for this intersection specifies as a portion of the work two hundred and twenty cubic yards of grading. The respondent urges that it thus appears that the assessment upon the lot of the defendants is for only the work done upon the east half of this intersection. There is nothing, however, to indicate whether the other expenses specified in the assessment are limited to the east half of the intersection, and the statement in the assessment, as well as the allegations in the complaint and findings of the court, are opposed to such contention. The objection of the defendants to this portion of the assessment should have been sustained. As the objection did not require extrinsic evidence for the purpose of establishing the fact, but the assessment appeared upon its face to have been made in violation of the statute, the defendants are not precluded from making the objection without having previously appealed to the board of supervisors. (*Ryan v. Altschul*, 103 Cal. 174; *Kenny v. Kelly*, 113 Cal. 364.)

For the error in receiving this assessment and rendering judgment therefor, the judgment of the superior court and order denying a new trial are reversed.

Garoutte, J., and Van Dyke, J., concurred.

On the twenty-eighth day of March, 1900, the following additional opinion and order was filed by the court:

THE COURT.—Since the filing of the opinion in this cause the respondent has requested the court to modify the judgment appealed from by striking out of it the amount thereof which was given for the assessment of that portion of the work done

on the intersection of Mission street and China avenue, considered in the fifth subdivision of the opinion. This is in effect a waiver and relinquishment by the respondent of the amount claimed in his complaint for that portion of the assessment, and under the authority of *Fox v. Hale etc. Co.*, 122 Cal. 219, his motion is granted.

The judgment heretofore rendered herein is, therefore, set aside, and instead thereof the following judgment is given:

The superior court is directed to modify the judgment appealed from by striking out the amount thereof which was given upon the assessment for that portion of the work done on the intersection of Mission street and China avenue, and as so modified the judgment and order denying a new trial will stand affirmed.