## GREENWOOD et al. v. HASSETT et al.

### S. F. No. 1567; May 14, 1900.

#### 61 Pac. 173.

**Street Improvement.**—A Complaint in an Action to Foreclose a street assessment lien is sufficient though it fails to set forth the specifications attached to and forming a part of the · contract for the work.

**Street Improvement—Notice of Resolution of Intention.**— Street improvement act, section 3, requires that the notice of the passage of the resolution of intention to make street improvements shall be posted along the line of work, after it has been posted for two days on the door of the council chamber. Held, that the posting of such notice on the council chamber door on the sixth day of the month was completed on the seventh, and hence a posting thereof along the line of work on the eighth was proper.[1]

APPEAL from Superior Court, City and County of San Francisco.

Action by one Greenwood and others against one Hassett and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

---

[1] Cited in Gay v. Engebretsen, 158 Cal. 27, 139 Am. St. Rep. 67, 109 Pac. 879, with other cases as showing that, the question being on the resolution of intention and the necessity of publishing it, such publishing is a statutory prerequisite of the council ordering the work done and of the street superintendent posting notices of street work; it being otherwise with the publication of the resolution ordering the work to be done. This need not be fully effected before a call for bids is made.

James F. Tevlin for appellants Hassett & Grant; T. Z. Blakeman for appellant Moran; F. M. Purcells for respondents.

PER CURIAM.—Action to foreclose the lien of a street assessment. The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and, the defendants having answered, the cause was tried by the court, and judgment rendered in favor of the plaintiffs. The defendants have appealed.

The demurrer to the complaint was properly overruled by the court.

1. It was not necessary to set forth in the complaint the specifications attached to the contract, and which formed a part thereof: California Improvement Co. v. Reynolds, 123 Cal. 88, 55 Pac. 802.

2. The objection that there is no sufficient allegation of a demand upon the lot has been obviated by the stipulation filed herein correcting the transcript as originally printed.

3. The notice of the passage of the resolution of intention was properly posted by the superintendent of streets. The complaint alleges that the clerk of the board of supervisors on the sixth day of December, 1893, posted the resolution of intention, and kept the same so posted for two days, and that on the eighth day of December, 1893, the superintendent of streets caused notices of the passage of said resolution to be conspicuously posted along the line of the work. The provision of section 12 of the Code of Civil Procedure is not applicable. Section 3 of the street improvement act does not prescribe the time ''in which'' the posting is to be made, but declares the time at which the superintendent is to make the posting; i. e., after the posting by the clerk. In the present case, the posting for ''two days'' by the clerk was completed at the close of December 7th. In Savings etc. Society v. Thompson, 32 Cal. 347, where the statute required the publication of a summons for three months, and the first publication was made on the 10th of January, it was held that a publication for three months was completed at the close of April 9th. In Himmelmann v. Cahn, 49 Cal. 285, it was held that the statute requiring the notice of award to be posted for five days was satisfied by including both the first and last

day of its posting: See, also, Wilson v. His Creditors, 55 Cal. 476; Dean v. Grimes, 72 Cal. 442, 14 Pac. 178.

4. The evidence sufficiently showed that the engineer's certificate had been properly recorded: Perine v. Lewis, 128 Cal. 236, 60 Pac. 422, 772. The judgment is affirmed.