[S. F. No. 1711.   Department Two.—November 9, 1900.]

## MONROE GREENWOOD et al., Respondents, v. MINNIE S. CHANDON et al., Appellants.

STREET ASSESSMENT—AUTHENTICATION OF RECORD—ENGINEER'S CERTIFICATE.—In an action to foreclose a street assessment, where the certificate of the engineer appears to have been recorded in its proper place, together with the original assessment, warrant, and diagram, and the certificate of record appended thereto by the superintendent of streets shows by reference to the page of the record that all of the documents, including the engineer's certificate, have been recorded, the fact that in assuming to re-enumerate in his certificate the documents recorded he omits the engineer's certificate does not invalidate the authentication of the record or impair the lien of the assessment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

J. P. Langhorne, and J. N. Turner, for Appellants.

D. H. Whittemore, for Respondents.

CHIPMAN, C.—Action to foreclose a street assessment lien upon defendants' lands in San Francisco, for the work of grading the center roadway of Army street, from Pennsylvania ave-

nue to Kentucky street, to a width of twenty-three feet. Judg-
ment was entered for plaintiff, motion for new trial denied, and
this appeal is from the judgment and order. An order was
made by the trial judge substituting the executors of plaintiff
in his stead, but the original title of the cause is retained. It
is stipulated that like appeals in two other cases—S. F. No. 1712
and S. F. No. 1713—between the same parties as to the same
work, may be heard on this transcript and may follow the re-
sult in this appeal.

The court found as follows: "Said warrant, assessment, dia-
gram, and surveyor's certificate were duly recorded by said su-
perintendent, in the office of said superintendent, on the date
last aforesaid, in volume 97, page 50, of the assessment records,
and the record thereof was duly signed by said superintendent.
That the certificate of the said city and county surveyor relating
to said work was also duly recorded by said superintendent in
his office at the time of issuing said assessment." The appeal
rests upon the claim that the evidence is insufficient to justify
the above findings, and the point urged is that the engineer's
certificate was not recorded with the assessment, warrant, and
diagram so as to make the assessment a lien as required by
section 9 of the general street law. (Stats. 1889, p. 167.)

The transcript shows as follows: "Plaintiffs introduced in evi-
dence the original assessment, warrant, diagram, and engineer's
certificate, and affidavit of demand and nonpayment, all in due
form." With this, and evidence of the assignment of the con-
tract to plaintiffs, they rested. Upon the point in question the
record made by defendants shows as follows: "Defendants also
caused to be produced from the office of the superintendent of
streets, and introduced in evidence, the only alleged record in
said office of the said assessment, engineer's certificate, diagram,
and warrant, all of which appeared to have been written, in the
order above mentioned, in a book kept in said office. At the
end of the foregoing alleged record was written a certificate by
the street superintendent as follows: 'The foregoing, on page
No. 50, is a true and correct record of assessment, diagram, and
warrant, recorded and issued this second day of July, A. D.
1895. Thomas Ashworth, superintendent of public streets,
highways, and squares.' The foregoing was the only alleged

certificate by said officer to the only alleged record of the said documents in his said office. The foregoing are all the testimony and proofs in the case."

It thus appears that the original assessment, warrant, diagram, and engineer's certificate, all in due form, were introduced, and that the record of the superintendent's office showed therein recorded all these documents in the order mentioned in the transcript; and it also appears in the certificate of the superintendent appended to the foregoing, and forming part of the record, that these documents referred to "on page 50 is a true and correct record," but in recapitulating what the documents are he omitted to include the engineer's certificate. Appellants' contention is that the certificate is by its terms limited to the documents specifically therein named, and therefore the certificate fails to comply with the law in an essential and indispensable particular because it fails to specify the engineer's certificate. We think this is too narrow a construction to be put upon the certificate. When the superintendent said "the foregoing on page 50 is a true and correct record," he said all that was necessary to a good certificate, and he spoke the truth, for the evidence showed that the engineer's certificate was in fact in the record just preceding the diagram. We do not think his subsequent enumeration in the certificate of what the record contained, in which he omitted to include the engineer's certificate, invalidated the assessment, or that it can for that reason be said not to authenticate the record. That the record of the documents required to impose a street assessment lien must be authenticated by a certificate of the street superintendent is well settled. (*Himmelman v. Danos,* 35 Cal. 441; *Witter v. Bachman,* 117 Cal. 318, cited by appellant.) In the Himmelman case the record was complete as required by the statute, and under the copy recorded in the book kept for the purpose were written the following words: "Recorded this ninth day of October, A. D. 1866." This certificate was sufficient in form, but it was not signed, and therefore did not constitute an authentication, and that was the trouble in the Witter case.

Section 9 of the act of 1889 provides as follows: "Said warrant, assessment, and diagram, together with the certificate of the city engineer, shall be recorded in the office of superintend-

ent of streets," but says nothing about the duty of the superintendent to sign or authenticate the record. Section 10 of the act of 1885 (Stats. 1885, p. 147), however, provides that the superintendent "shall sign the record," but no form of authentication is prescribed. This section seems not to have been amended by the amendatory act of 1889. Much the same question arose in *Perine v. Lewis*, 128 Cal. 236. The court said: "Whether the documents copied into the record book are such as are required to be recorded is to be determined by an inspection of the documents themselves, and not by what the recording officer may have designated them, or by the fact that he has omitted to give them any designation. If the superintendent had certified, 'The foregoing on pages 79, 80, and 81 has been correctly recorded this third day of October, 1895,' and had authenticated the same by his signature, it could not be contended that the documents found on those pages were not recorded by him, even though he had not designated their character. The same result must follow when he has failed to designate one of the documents so recorded." In that case, as in this, the certificate failed to designate the engineer's certificate.

We advise that the judgment and order be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Harrison, J.