[S. F. No. 3171.  Department Two.—May 10, 1905.]

## A. J. RAISCH, Appellant, v. HULDA HILDEBRANDT et al., Respondents.

STREET ASSESSMENT—FORECLOSURE—PLEADING—ADMISSION OF PRIMA FACIE CASE—ERROR IN GRANTING NONSUIT.—In an action to foreclose the lien of a street assessment, where the answer admitted the averments of the complaint as to the warrant, assessment, diagram, affidavit of demand, and non-payment, which are *prima facie* evidence of the right to recover, and of the regularity of all prior proceedings, the regularity of which was alleged in the complaint, and was denied by the answer, it was error to grant a nonsuit because plaintiff rested his case on the admissions of the answer, without producing those documents in evidence or proving the other allegations specifically denied by the answer.

ID.—BURDEN OF PROOF.—In such case the burden of proof was upon the defendant to overcome the *prima facie* case admitted by showing the irregularity of prior proceeding, upon the regularity of which issue was taken by the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

Otto tum Suden, for Respondents.

McFARLAND, J.—This is an action to foreclose the lien of a street assessment.  The complaint contains all the averments necessary to a complete cause of action on the lien, and, among other things, averments of the making and recording of the assessment, warrant, diagram, certificate of city engineer, demand of payment, non-payment, return of the warrant, etc., which, by the terms of the statute, are *"prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram, are based, and like evidence of the right of the plaintiff to recover in the action."  These averments as to the assessment, warrant, diagram, certificate, etc., were not denied in the answer, although the answer does contain denials

of preceding averments in the complaint,—as, for instance, that the resolution of intention to do the alleged work was duly or at all passed by the board of supervisors, that the clerk printed for the required time a notice of the nature and character of the work to be done, inviting sealed proposals for doing the same, that the board opened the bids or awarded any contracts for the work, that plaintiff was the lowest bidder, that the superintendent entered into any contract with plaintiff to do the work, etc. At the trial plaintiff rested his case without introducing any evidence, upon the theory that as his said averments of the making and recording of the assessment, diagram, etc., and the return and recording of the warrant were not denied in the answer, and must be taken to be true, therefore those averments made a *prima facie* case for plaintiff. Thereupon the defendants moved for a nonsuit upon the ground that plaintiff had failed to introduce any evidence tending to prove those allegations of the complaint which are denied in the answer. The court granted the motion for a nonsuit, and rendered judgment for defendant. From this judgment plaintiff appeals.

We think that the court erred in granting the nonsuit. It was evidently granted upon the theory that the admission in the answer of alleged facts, which under the statute constituted a *prima facie* case for plaintiff, was not the equivalent of the proof of these facts, and that the warrant, assessment, diagram, certificate, etc., should have been formally introduced in evidence by plaintiff, notwithstanding their admission by the pleadings. But the case of *Oakland Bank* v. *Sullivan,* 107 Cal. 428, declares the law to be otherwise, and we see no good reason for not following it. That was an action to foreclose a mortgage, but it involved the validity of a street assessment set up in the cross-complaint of certain defendants. The cross-complainants introduced some evidence to sustain their lien, and defendant Sullivan, the owner of the land, moved for a nonsuit as to cross-complainants on the ground of the insufficiency of the evidence to support the lien, which motion was denied, and Sullivan appealed. The court said:—

"The court did not err in refusing to grant such motion; though the evidence offered may have been insufficient to make out a case for the plaintiffs in that cross-complaint, had it been incumbent upon them to offer any proof at all. The act

(Stats. 1885, p. 157) provides that the 'warrant, assessment, and diagram, with the affidavit of demand and non-payment, shall be held *prima facie* evidence of the regularity and correctness of the assessment . . . and of the right of the plaintiff to recover in the action.' Here the cross-complaint of Bannister & Lewis averred the delivery to them of such warrant, assessment, and diagram, and exhibited the character of the same with sufficient particularity to show that they were made in conformity with sections 8 and 9 of the act; it also alleged the making and return by their agent of the affidavit of demand and non-payment, as required by the succeeding section 10. None of such averments were denied in appellant's answer; they were material allegations (*Himmelman* v. *Danos,* 35 Cal. 441), and, being undenied, stand as established facts in the case; it was therefore unnecessary to produce in evidence the documents thus alleged and described; and the *prima facie* effect imputed to them by the statute operated to cast upon appellant the burden of proof. He might, if he could, have disproved any statement of the cross-complaint put in issue by him, but it seems he made no attempt to do so." And, after some allusion to a ruling in *Himmelman* v. *Danos,* 35 Cal. 441, the court said: "But it does not compel formal proof of matters which, being alleged, are admitted either expressly or impliedly. Such cases are subject to the general rule of procedure prescribed by the code (*Pacific Paving Co.* v. *Bolton,* 97 Cal. 9), among which is that every material allegation of the complaint not controverted by the answer filed must, for the purposes of the action, be taken as true. (Code Civ. Proc., sec. 462. See *City of Stockton* v. *Dahl,* 66 Cal. 377.)" The principle might not apply to immaterial allegations; but the allegations here in question, as was stated in the *Bank of Oakland* v. *Sullivan,* 107 Cal. 428, were material; they were essential to plaintiff's cause of action.

The judgment appealed from is reversed.

Lorigan, J., and Henshaw, J., concurred.