[No. 4,083.]

# HIMMELMANN v. TOWNSEND.

PUBLICATION OF NOTICE OF AWARD OF STREET CONTRACT.—In an action to recover a street assessment in San Francisco, the complaint must allege that the notice of the award of the contract was published by order of the Board of Supervisors.

*Quere?*—When there is a tenant occupying a lot in San Francisco which has been assessed for street work, should not the demand for the payment of the assessment be made upon the tenant.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff, as assignee of James Olwell, brought this action to recover assessments levied upon lots 7, 8 and 9, in Block No. 5, in the Western Addition to the City of San Francisco, for the construction of a brick sewer with manhole and cover in McAllister street, from Larkin to Polk street. James B. Townsend, Edward Roper, J. W. Reay and George Spanagel were made parties defendant. The only allegation in the complaint as to the publication of the notice of the award was as follows:

"That afterward, to wit: on the 1st day of May, 1867, due notice of said award to said James Olwell and of the particulars thereof was published and thereafter continued in the aforesaid newspaper for the period of five successive days, Sundays excepted."

The defendants interposed a general demurrer to the complaint, which was overruled.

After hearing the evidence the Court filed written findings, in which it was found that the notice of the award was published, but there was no finding that the Board of Supervisors ordered it to be published. The Court also found that the plaintiff publicly demanded payment of the assessment in the following manner, to wit:

"He went upon lot No. 7, as numbered upon said assessment and diagram, and standing on the southerly side of said lot, a few feet from McAllister street, demanded the amount assessed against the same, to wit: $461, in an audible tone of voice. That no one was then or there present

or in sight on said lot but himself. There was a dwelling house on said lot occupied by tenants of defendants Spanagel and Townsend at that time. That said demand was not made at the front or other door of such dwelling house. * * * The foregoing was the only demand of said assessment ever made on said lot No. 7. A similar demand was also made on said lots Nos. 8 and 9."

The assessments had been made to "unknown owners."

Judgment was rendered in favor of the plaintiff, and the defendants Roper and Reay appealed.

*E. A. Lawrence*, for Appellants, argued:

1. That the complaint did not state a cause of action, in that it did not allege that the notice of the award of the contract was published by order of the Board of Supervisors, citing *Donnelly* v. *Tillman*, 47 Cal. 40.

2. That the facts found were insufficient to support the judgment, because they show that the demand for the payment of the assessment was not made upon the tenants occupying the lots.

*J. C. Bates*, for the Respondent, in reply to the appellant's first point, relied upon *Dyer* v. *North*, 44 Cal. 157.

The Court reversed the judgment from the Bench, upon the authority of *Donnelly* v. *Tillman* (47 Cal. 40), holding that the complaint should have alleged that the notice of the award of the contract was published by order of the Board of Supervisors.

Mr. Justice McKinstry, during the argument of the appellant's second point, said that while it might not be necessary to so decide in this case, he was of opinion that if there were persons living on the lots, the demand for the assessment should have been made upon them. The requirements of the statute would not be satisfied in such a case by a demand made by the contractor standing upon one corner of the lot and speaking in a tone of voice which, while it might be said to be audible, would not be audible to a person upon the opposite corner of the lot, or within a dwelling house on the lot.