## BURRIS *v.* BAXTER ET AL.

[No. 3,065.   Filed November 27, 1900.]

MUNICIPAL CORPORATIONS.—*Sewers.—Enforcement of Assessments.— Complaint.*—A complaint to enforce the collection of an assessment for the construction of a sewer must show that a proper petition for the improvement was presented, or that the resolution for the improvement was concurred in by two-thirds of the members of the city council.

From the Blackford Circuit Court. *Reversed.*

*J. A. Hindman,* for appellant.

*C. W. Kinnan, J. S. Dailey, F. C. Dailey* and *A. Simmons,* for appellees.

BLACK, J.—This was a suit to enforce assessments for the construction of a sewer in the city of Montpelier, known as the Green street sewer, in favor of the appellee Samuel A. Baxter, the assignee of the appellee Edwin J. Miller, the contractor, against three parcels of real estate owned by the appellant. There were three paragraphs of complaint, each relating to the assessment on one of the three parcels; otherwise the paragraphs were substantially alike. The appellant answered in five paragraphs, the first a general denial, each paragraph being addressed to the entire complaint. The action of the court in sustaining the demurrer of the appellee Baxter to each of the paragraphs of the answer except the first is assigned as error. It is also assigned that the court erred in not carrying back the demurrer of the appellee Baxter and sustaining it to the complaint.

The objections urged in argument against the complaint were like those urged to the complaint in the case of *Spauld-*

Burris *v.* Baxter.

*ing* v. *Baxter, ante,* 485, except that it is contended that the complaint is insufficient because it fails to show that any petition for the work was presented or that the resolution ordering the work was concurred in by two-thirds of the members of the city council. It is true that to give jurisdiction to the council over the particular improvement, its action must be invoked by a petition of "the owners of two-thirds of the whole line of lots or parts of lots," measuring only the front line of such lots as belong to persons resident in the city, §4288 Burns 1894, §6771 Horner 1897; or the common council must order or cause the improvement, "with the concurrence of two-thirds of the members thereof." §4294 Burns 1894, §6777 Horner 1897. A complaint to enforce an assessment for such an improvement should show that the common council had jurisdiction over the particular matter by virtue either of such a petition or of such a concurrence of members. See *City of Logansport* v. *Legg,* 20 Ind. 315; *Moberry* v. *City of Jeffersonville,* 38 Ind. 198; *Baker* v. *Tobin,* 40 Ind. 310; *Yeakel* v. *City of Lafayette,* 48 Ind. 116; *City of Connersville* v. *Merrill,* 14 Ind. App. 303; *Cleveland, etc., R. Co.* v. *Jones,* 20 Ind. App. 87. The complaint in the case at bar was insufficient in this regard, as suggested by counsel. There was no allegation relating to any petition; and in relation to the ordering of the construction there was no allegation indicating what portion of the members of the council concurred.

Counsel for appellant has discussed the question as to the sufficiency of the fifth paragraph of answer. The question thus presented was decided in *Spaulding* v. *Baxter, supra;* and, adhering to the conclusion reached by us in relation to the second paragraph of answer in that case, we must hold that the fifth paragraph of the answer now before us would have been a sufficient answer to a good complaint.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.