Welch v. Town of Roanoke.

---

## WELCH v. TOWN OF ROANOKE.

[No. 19,352.    Filed November 14, 1901.]

MUNICIPAL CORPORATIONS.— *Sewers.— Foreclosure of Assessments.— Complaint.*—Section 4430 Burns 1901 provides that the appraisers appointed to assess the benefits in the construction of a sewer shall file the schedule thereof with the clerk of the board of town trustees who shall record the same, after which the assessments therein made shall become a lien on the lots specified. Section 4437 Burns 1901 provides that in an action to enforce the lien the presumption of law shall be that all provisions of the act have been complied with. *Held,* that such presumption does not render sufficient a complaint to enforce a sewer assessment lien which fails to aver that the schedule showing the benefits assessed against defendant's property was recorded in the records of the board of trustees. *pp. 399-401.*

SAME.—*Sewers.—Act of 1867 not Repealed by Act of 1889.*—The act of 1867 (§§4429-4443 Burns 1901) for the construction of sewers was not repealed by the act of 1889, known as the Barrett law, but said acts provide two separate and distinct systems for the construction of sewers by incorporated towns. *p. 401.*

From Huntington Circuit Court; *C. W. Watkins,* Judge.

Action by town of Roanoke against Melissa Welch to enforce a sewer assessment. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*S. M. Sayler,* for appellee.

Monks, C. J.—This action was brought by appellee to enforce a lien against real estate of appellant for the construction of a sewer, under the act of 1867 (Acts 1867, p. 205), being §§4429-4443 Burns 1901, §§3392-3406 R. S. 1881 and Horner 1897. The trial of said cause resulted in a judgment enforcing said lien.

Appellant first insists that the law under which said sewer was constructed is unconstitutional. This court held otherwise in *Kizer* v. *Town of Winchester,* 141 Ind. 694.

The court below overruled a demurrer for want of facts to the first paragraph of complaint, and overruled a motion to make the second paragraph more specific. The correctness of each of these rulings is challenged. It is provided in §4430 (3393), *supra,* that the appraisers appointed to assess the amount of benefits to each lot or part of lot "shall file said schedule with the clerk of the board of trustees of such town, who shall record the same in the records of said board of trustees; and from and after the recording of said schedule above directed, the assessments therein made shall be a lien upon the lots and parts of lots, respectively, against which they are made, to be in no manner divested only as hereinafter provided." It was not alleged in the first paragraph that the schedule of the real estate and the assessments thereto were ever recorded in the records of the board of trustees of the town of Roanoke as required by §4430 (3393), *supra.*

About a year after the action was commenced a second paragraph of complaint was filed which was the same as the first except that it contained an allegation that "said ap-

praisement has been recorded in the records of said board of trustees."

Section 4437 (3400), *supra,* provides that in an action to enforce said lien "the presumption of law shall be that all the provisions of this act have been complied with; and that the only defense that the defendant shall be allowed to set up in said action shall be that he has paid the amount with which said lots or parts of lots are charged, and that said lots or parts of lots are not benefited to the amount assessed against the same." Appellee insists that under the provisions of said section "that neither the court below nor appellant could inquire as to whether the provision in regard to recording the schedule made by the appraisers was disregarded or complied with, but that the court must presume that the same had been complied with."

Under the act of 1867, being §§4429-4443 (3392-3406), *supra,* the assessment of benefits made by the appraisers is not a lien until the schedule provided for is recorded as required by §4430 (3393), *supra.* If no such record is made there is no lien. It is only after the assessment has become a lien under §4430 (3393), *supra,* that the lien can be enforced under §4437 (3400), *supra.* Unless facts are alleged in the complaint showing the recording of said schedule before the commencement of the action as required by said §4430 (3393), *supra,* no lien is shown and therefore no cause of action is stated. It is evident, therefore, that the provision in said §4437 (3400), *supra,* in regard to the presumption of law, does not render sufficient a complaint which fails to aver that the schedule showing the benefits assessed against appellant's real estate was recorded in the records of the board of trustees of the town of Roanoke before the commencement of the action. Appellee was not required to pursue the remedy provided by §§4435, 4436, (3390, 3399), *supra,* but had the right to enforce its lien, if any, under §4437 (3400), *supra. Martin* v. *Wills, ante,* 153.

The same question is presented as to the second para-

graph of complaint by the motion to make that paragraph more specific. It follows that the court erred in overruling the demurrer to the first paragraph of complaint and in overruling the motion to make the second paragraph more specific. The act of 1867 (Acts 1867, p. 205), being §§4429-4443 (3392-3406), *supra,* was not repealed by the act of 1889, known as the Barrett law, but said acts provide two separate and distinct systems for the construction of sewers by incorporated towns. *Allen* v. *Town of Salem,* 10 Ind. App. 650, and cases cited. *Shrum* v. *Town of Salem,* 13 Ind. App. 115.

Judgment reversed, with instructions to sustain the demurrer to the first paragraph of complaint, and to sustain the motion to make the second paragraph more specific.