HAGGART, Respondent, v. ALTON et al., Appellants.

(137 N. W. 372.)

1. **Municipal Corporations—General Taxation—Special Taxation— Uniformity—Constitutional Provisions.**

Const., Art. 6, Sec. 17, requiring taxation to be equal and uniform, controls special assessments and special taxation within taxing districts; it embodies a general rule applicable alike to special taxation and assessment of contiguous property for local improvements, and taxation for general corporate purposes; being a limitation, not a grant, of legislative power.

2. **Municipal Corporations—Special Taxation—Local Improvements —Special Benefits—Uniformity.**

Sec. 10, Art. 11, Constitution, empowering the legislature to vest municipalities with power to tax, by special taxation of contiguous property for local improvements, and by general taxation for corporate purposes, and requiring taxation for general corporate purposes to be uniform "in respect to persons and property within the jurisdiction of the body levying the same," does not require that special taxation for local improvements shall be uniform; the words "such tax shall be uniform," found in said section, refer only to taxes levied for general corporate purposes. This section, so construed, does not affect or modify Sec. 17, Art. 6, Constitution, requiring that "all taxation shall be equal and uniform." Special taxation or special assessment must, to be constitutional, be founded on special benefits accruing from the improvement for which the tax or assessment is laid; and for these purposes the requirements of equality and uniformity are met when special taxes or assessments are uniform as to all property so benefited, in proprotion to benefits conferred by such improvements.

3. **Constitutional Law—Construction.**

Constitutional provisions, like legislative acts, should be construed, if possible, to give effect to each and every part, and so that a particular provision will not be construed to nullify the operation or effect of other provisions; and so applied, **held,** that Sec. 10, Art. 11, Constitution, granting

legislative power to vest municipalities "with power to make local improvements, by special taxation of contiguous property, or otherwise," is limited by Sec. 13, Art. 6, inhibiting taking of private property for public use without just compensation; and the owner cannot be deprived thereof by special assessments or taxation for local improvements, regardless of special benefits to his property.

**4. Municipal Corporations—Special Assessments—General Taxation for Local Improvements—Uniformity.** `

Section 10, Art. 11, Constitution, refers to distinct modes of taxation for separate and distinct purposes. The requirement therein that "such tax shall be uniform in respect to persons and property within the jurisdiction of the body levying the same," applies only to taxes levied for corporate purposes, including general taxation for local improvements, the provision here quoted does not apply to the preceding provision in that section, relating to special taxation of contiguous property for local improvements, but the latter provision is controlled by the provision of Sec. 17, Art. 6, requiring all taxation to be equal and uniform.

**5. Municipal Corporations—Sewers—Assessment—Notice of Hearing —Construction of Statute—Pleadings.**

Under Laws 1903, Chap. 213, authorizing cities to construct sewers at expense of property specially benefited, and Sec. 3, requiring notice of sewerage plans and opportunity to inspect them and to file objections and for hearing thereon, and Sec. 6, providing for a resolution declaring necessity for the sewer, and for notice to property owners to make objection, etc.; held, that such notices are separate and jurisdictional, and that, where no notice of hearing on question of benefits and burdens, under Sec. 3, was given, a notice of hearing as to necessity for construction of sewer under Sec. 6 was insufficient to confer jurisdiction on city council to assess property alleged to have benefited thereby; and a complaint failing to allege notice under Sec. 3 is demurrable as not stating a cause of action.

**6. Sewer Assessments—Complaint—Certificate Recitals as to Regularities.**

A complaint to enforce a special assessment for sewers, which merely alleges facts made by statutes prima facie evidence of regularity of proceedings, under Sections 18 and 25 of Chap. 213, Laws 1903, providing, respectively, that acceptance of the work and issuance of certificate of assessment to contractors shall be conclusive evidence of regularity of all proceedings in "letting the contract, acceptance of work, and making the special assessment as herein provided," and that acceptance of the work by city council on certificate of

city engineer "shall be prima facie evidence that the contract
has been complied with and the assessment exists,"—is in-
sufficient to state a cause of action for enforcement of sewer
certificate against specific property, the complaint failing to
show notice of hearing under Sec. 3 of the act, relating to
hearing on question of benefits and burdens, which section
confers jurisdiction on the council.

**7.  Municipal Corporations—Sewers—Constitutional Law—Hearings
     —Legislative Disregard of Jurisdictional Requirements.**

Failure of city council to give notice to property owners
of hearing on question of damages and benefits to accrue
from construction of a sewer under Laws 1903, Chap. 213,
Sec. 3, is not cured by provisions of the act requiring that all
irregularities or defects in council's proceedings or of any
corporate officer, or in plans or estimates, and acceptance of
the work by city council, shall be disregarded; the legislature
is without power to declare that the steps essential to juris-
diction, the notice and hearing constituting due process of
law, shall be deemed immaterial.

(Opinion filed June 25, 1912.)

Appeal from Circuit Court, Brookings County.  Hon. C. X.
SEWARD, Judge.

Action by Gilbert W. Haggart against Arthur Alton and an-
other, to recover upon a city sewer certificate.  From an order
overruling a demurrer to the complaint, defendant appeals.  Re-
versed and remanded.

*Hall, Roddle & Purdy*, for Appellant.

While some of the early cases attributed the authority to levy
special assessments against abutting property for public improve-
ments, to the police power and to the right of eminent domain, it
is now, we believe, thoroughly settled that this authority is derived
from the taxing power of the state.  Independence v. Gates, 110
Missouri, 374, 19 S. W. 728; Taylor v. Palmer, 31 Cal. 240;
Winona & St. P. R. Co. v. City of Watertown, (S. D.) 44 N.
W. 1072.

The idea of uniformity is not peculiar to any particular form
of taxation,—whether based upon the value of the property, or
upon benefits derived by a property owner.  An equal distribution
of the burden of taxation in whatever form it may be levied, or
upon whatever property it may be levied, is essential to the validity
of the tax.  It is just as important that special taxation be uni-

form, as general taxation.    Section 17 of Article 6 of the state Constitution.

This principle of uniformity and equality contained in the Bill of Rights in our Constitution, is repeatedly emphasized and restated in its different applications, in that instrument, including Section 2 of Article 11, concerning general taxation, and Section 10 of Article 11, as applied to municipal taxation,—both general and special. This idea of uniformity is further carried out by constitutional inhibitions against exemptions from taxation.    Section 7, Article 11.

The act in question, Chapter 213, Laws of 1903, instead of adhering to the constitutional mandate above quoted, requiring uniformity "within the jurisdiction of the body levying the same" provides for dividing the city into sub-districts,—as many or as few as the council sees fit, and seeks to adopt a different system of uniformity than that prescribed by the Constitution; namely, uniformity in these sub-districts.    Section 9, of said act.

Therefore, under this act, within the jurisdiction of the city council (in other words, the city) there may under this statute, be as many different rates of special taxation as there are sub-districts in the city.    This is in direct violation of both the spirit and the letter of the Constitution.    The Constitution requires the equalization of taxes between the lots of land benefited by the work within the entire city, where the sewers are constructed, whereas this act purports to authorize equalization by sub-districts, and hence not uniformily in the city as one assessment district.    Adams v. Shelbyville, 49 L. R. A. 797; Norwood v. Baker, 172 U. S. 269, (43 Law Edition) 443.

The dangers incident to levying by sub-districts, is well pointed out by the court, in the case of City of Detroit v. Daly, (Mich.) 37 N. W. 11-15, and we specially call the court's attention to the language in that case, on page 15.

It was contended in oral argument, by the respondent, that the closing paragraph of Section 10, Article 11, Constitution, did not apply to special taxation, and only applied to general taxation; but such interpretation is incompatible with the language, reason and purpose of this section; and also in conflict with the au-

thorities.    Turner v. Hand County, 77 N. W. 589;. Cooley on Taxation, (Third Ed.) 1196.

This section (10) deals with the authority of municipal corporations to assess, levy and collect taxes both for local improvements and general corporate purposes.  "Such tax" without words of limitation or qualification refers to any tax which may be levied under its authority.

Special taxation for improvements falls within the provisions of the Constitution requiring uniformity.   Chicago & R. Co. v. Moline, (Ill.) 41 N. E. 877; Ware v. Jerseyville, (Ill.) 41 N. E. 736; Jaeger v. Burr, 36 Ohio St. 164; Corry v. Folz, 29 Ohio St. 320; Weeks v. Milwaukee, 10 Wis. 243.

By Sections 19 and 20, of said act, two different methods of collection are provided:   One where the payments is by annual installments and the other, where it is all collected at once.

To further illustrate the arbitrary character of this statute, we will also call the court's attention to the provisions of Section 14.

The lot owner is thereby required, in order to pay in installments, to promise and agree in writing, to pay his assesment in installments, "that he or they will not make any objections to the illegality or irregularity, as to their respective assessments, and will pay the same with interest thereon at the rate of not exceeding six per cent per annum, as shall by ordinance or resolution of the city council of such city, be prescribed and required."

It is well settled that in proceedings of this character, there must be strict compliance with the statutory proceedings by which a person's property is made liable.   As said by our Supreme Court, in the case of Mason v. Sioux Falls, 2 S. D. 640.   1 Cooley on Taxation, (3rd Ed.) 506-7.

The complaint fails utterly to allege a compliance with the provisions of Sections 3 and 4 of Chapter 213, Laws of 1903, and the question for the court to decide is whether or not the averment of such compliance is necessary.   We believe that the court cannot but conclude that such complaint is bad upon demurrer. Chapter 213, Laws of 1903.

"The pleadings in action to recover special assessments are governed by the rules applicable to civil actions in general. It is a general rule regarded as necessary that a petition or complaint in an action to enforce an assessment for the public improvement specially aver the existence of all the facts and the taking of all the steps which under the statute are necessary to impose liability upon the property owner." 28 Cyc., p. 1233; Id., p. 1234; Id., p. 1235; Encyclopedia of Pleading and Practice, Vol. 28, p. 405. Citing the following cases in support thereof: Santa Barbara v. Elred, 108 Cal. 294; Sands v. Hatfield, 7 Ind. App. 357; Ormsby v. Louisville, 79 Ky. 197; Johnson v. Ferrell, (Ky.) 1886, 1 S. W. Rep. 412, 541; Stifel v. Dougherty, 6 Mo. App. 444; Cleveland, C. & C. St. L. Ry. Co. et al. v. Edward C. Jones Co., (Ind.) 50 N. E. 319; Paving Co. v. Edgerton, 125 Ind. 455, 25 N. E. 436, and cases there cited; Niklaus v. Conkling, 118 Ind. 289, 20 N. E. 797; Case v. Johnson, 91 Ind. 477; Wrought Iron Bridge Co. v. Board of Com'rs. of Hendricks Co., (Ind. App.) 48 N. E. 1050, and cases cited; Second Dillon on Municipal Corporations Third Edition, Section 769 and cases there cited including Massing v. Ames, 37 Wis. 645; Van Sickle v. Belknap, 129 Ind. 558, 28 N. E. 305; Id., p. 320; Welch v. Town of Roanoke, 61 N. E. p. 791; Burris v. Baxter, 58 N. E. 733 (Ind.); Blanchard v. Beideman, 18 Cal. 261; 36 Century Digest, col. 1695, 1696; Himmelman v. Danes, 35 Cal. 441; Anthony v. Williams, 47 Ind. 565; Moore v. Cline, 61 Ind. 113; Overshinder v. Jones, 66 Ind. 452; Johnson v. Ferrell, 1 S. W. 412, 541 (Ky.) Middlesborough Town, etc., Co. v. Knoll, (Ky.) 55 S. W. 205; Barber Asphalt Paving Co. v. Gograve, 41 La. Ann. 251; St. Louis v. Ranken, 96 Mo. 497; Burns v. Patterson, 2 Handy, 270 (Ohio).

If they (the commissioners) are required to give notice of any particular step in the preceedings, a notice to the effect and for the time prescribed is indispensable. II Cooley on Taxation, pp. 1252-3; Lyon v. Alley, (130 U. S. p. 177, 32 L. Ed. p. 902); French v. Edwards, 80 U. S. 13 Wall. 506, (20 L. Ed. 702); II Cooley, pp. 1243 and 4; 25 Ency. of Law, pp. 1204 and 1171, also the following pages in Volume 13 of Cyc., 1133, 1134, 1106, 1113 and the decision of our Territorial Supreme Court

in case of McLauren v. City of Grand Forks, 43 N. W. 710, and the language of Judge Corson of our Supreme Court in the case of Mason v. City of Sioux Falls, (2 S. D. 646) ; 13 Cyc. p. 1134; Auditor General v. Calkins, 98 N. W. 742.

"Any notice which the law requires to be given is in the nature of process, and its publication when so required is in the nature of service of process." DeMars v. City of Denver, 65 Pac. 580-586; 28 Cyc. 1011, citing the following among numerous other cases:   Banaz v. Smith, 133 Cal. 102, 65 Pac. 309; Bolton v. Gilleran, 105 Cal. 244; Rogers v. St. Paul, 22 Minn. 494; De Sota v. Showman, 100 Mo. App. 323; Coar v. Jersey City, 35 N. J. L. 404; In re Akron St. 5 Ohio S. & C. P .I. D. 697; Verona Borough v. Alleghany Val. R. Co., 152 Pa. St. 368; Mazet v. Pittsburgh, 137 Pa. St. 548; State v. Burzenburg, 108 Wis. 435; 84 N. W. 858; Rickeston v. Milwaukee, 105 Wis. 591; 81 N. W. 864, 47 L. R. A. 685.

"If the statute prescribes how notice shall be given city authorities cannot substitute one of different character."   Chambers v. Satterlee, 40 Cal. 497.

There remains but one proposition to consider, and while we do not deem an extended citation of authority necessary to convince the court of the untenability of counsel's contention in regard thereto, yet, inasmuch as they lay great stress upon it we will endeavor to cover it, doing so, however, as briefly as possible.

Their contention is this: That because of the provisions of the hereinafter quoted portions of Section 15 and Section 25 of the Act, that it is not incumbent upon plaintiff to allege or prove any of the jurisdictional steps; in fact, that it relieves them of practically every burden but that of merely bringing an action to enforce collection of sewer assessments and showing that certificates issued pursuant to the act.   Section 15; Section 25.

The first provision quoted has reference only to "conclusive evidence of the regularity of all proceedings in letting the contract, acceptance of work, and making the special assessments." Now we do not at this time attack the proceedings in letting the contract, acceptance of work and making the special assessment. Our objection goes far deeper than that and strikes at the founda-

tion of the whole proceeding, in that it questions the jurisdiction of the city council to proceed at all under the provisions of this act, not having adopted the plans as required thereby.

As to the provisions of the second section quoted we do not believe that this court will hold, in the face of the decisions and authorities hereinbefore quoted including Cooley, the U. S. Supreme Court, our Territorial Court, and the hundreds of other citations herein that the failure to publish notice and adopt the plans as required by the act is any mere defect or irregularity attempted to be cured by the provisions of section 25.

In closing we would quote a few authorities relative to the effect of the curative statutes upon the necessity for averment of all essential steps in the complaint: Welch v. Town of Roanoke, 61 N. E. 791; II Cooley, p. 508; Roberts v. First National Bank, (N. D.) 79 N. W. 1050.

*M. E. Culhane* and *Olaf Eidem,* for Respondent.

The appellants have abandoned their position taken on the oral argument, that special assessments levied, for local improvements, by a municipality, upon contiguous property must be uniform throughout the entire municipality under the provisions of Section 2, Article 11, supra, and counsel now concede that a special tax for local improvements is not a "tax" within the meaning of said provision and concede further that the "front foot rule" of assessment has been judicially sanctioned by the great weight of authority, but now seems to contend that Section 17 of Article 6, supra, which is even more general than Section 2, Article 11, supra, prohibits the city council from dividing the city into districts for the purpose of assessment.

"Special assessments for local improvements are not taxes within the meaning of the constitutional provision, that taxation shall be equal and uniform throughout the state, county and municipality paying the tax." Arnold v. Knoxville, 3 L. R. A., N. S., 837 (Annotated). The following cases are also directly in point: Bowes v. City of Aberdeen, (Wash.) 109 Pac. 374; Benedict v. Marion County, (Ore.) 93 Pac. 233; Kadderly v. City, (Ore.) 74 Pac. 724; Jones v. Holzapfel, (Okla.) 68 Pac. 514; Ladd v. Gambell, (Ore.) 59 Pac. 113; Rolph v. City of Fargo,

(N. D.) 76 N. W. 242; Anderson v. Lower Merino Twp., (Penn.) 66 Alta. 1115; Fruin v. St. Louis, (Mo.) 111 S. W. 88; Tripp v. Yankton, (S. D.) 74 N. W. 447; Webster v. City of Fargo, 181 U. S. 395; Hansen v. Hammer, (Wash.) 46 Pac. 332; Winona v. Watertown, (S. D.) 44 N. W. 1072; Emery v. San Francisco, 28 Calif. 345; Taylor v. Palmer, 31 Calif. 240; Denver v. Knowles, (Colo.) 30 Pac. 1041; Gilcrest v. Macartney, (Ia.) 66 N. W. 103; Parkersburg v. Taveneer, 26 S. W. 179; Adams v. Shelbyville, (Ind.) 57 N. E. 114; Adams v. Lower Merino Twp., (Penn.) 66 Alta 1115.

The foundation of this action is the assessment and as more than six months have elapsed since the acceptance of the work and the issuance of the certificates and before the commencement of this action, the appellants cannot question, in the absence of substantial defects in the work or fraud, the validity thereof. "The primary requisites to the validity of such a law are that some right of the person sought to be barred by it has been invaded or denied, for which he has a remedy and that a reasonable opportunity to avail himself of the remedy is afforded. These conditions existing, it is competent for the Legislature to impose upon such person the duty to avail himself of his remedies within the given time and to declare that his failure to do so shall operate as a bar to any relief." Beggs v. Paine, (N. D.) 109 N. W. 328; People v. Turner, (N. Y.) 22 N. E. 1022; Jackson v. Denver, (Colo.) 92 Pac. 690. See also, Roberts v. The First National Bank, 79 N. W. 1051, and Phillips v. Cox, 94 Pac. 378.

"But there may be in legal proceedings, defects which are not mere informalities or irregularities but so vital in their character as to be beyond the help of retrospective legislation. Such defects are called 'jurisdictional.' This principle does not apply to a statute of limitations; for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his rights." Meigs v. Roberts, (N. Y.) 56 N. E. 840; Perry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Turner v. The People, 168 U. S. 90, 42 L. Ed. 392; Ensign v. Barge, (N. Y.) 14 N. E. 400.

The complaint states in clear and concise language, facts showing a substantial compliance with every provision of Chapter 213 of Session Laws of 1903 that plans and specifications were adopted, and that notice thereof was duly published, substantially in the form required by said chapter.

The only objection which could possibly be made to the published notice is that it does not describe sewerage District No. 1 by metes and bounds, but refers the property owners to the ordinances dividing the city into sewerage districts and to plans and specifications on file with the city auditor. The records of the office of city auditor and the ordinances of the city are reliable public records and are open to the public for inspection at all times. From these public records, to which the notice points, the property owners could ascertain at the place where objections may be filed, the boundaries of the district, and we contend that the reference to the ordinances, which according to the allegations of the complaint, was duly published, and the plans and specifications of record in the office of the city auditor is a substantial compliance with the statute. Owena v. City of Marion, (Ia.) 103 N. W. 381; Arnold v. City of Fort Dodge, 82 N. W. 495.

"Although the charter provides that a notice must specify the character of the improvement, it is sufficient to refer therein to plans and specifications that are on file." Clinton v. Portland, 38 Pac. 407; Felkner v. New Whetcom, 47 Pac. 505.

A liberal test of the sufficiency of notice is supplied. Schmidt v. Market Street, 27 Pac. 61; Lamphere v. Chicago, 72 N. E. 426.

Appellants seek to assign the notice above mentioned to section 6 of said act (appellant's brief, page 19). This notice was published for a period of more than three weeks before the adoption of plans and specifications and contained as above pointed out all the requirements of said section 3. It is true that in addition to such requirements, it stated that the property owners might appear at the same time and object to the construction of the sewer but such statement could not in any manner be prejudicial or invalidate the notice.

Under section 6 of said act, a resolution declaring the necessity of the construction of the sewer was duly passed and pub-

lished for the required period of ten 'days.  This section contemplates that a notice to the property owners that they appear and object to the construction of the sewer shall be published with the resolution.  Failure to publish such notice with the resolution may possibly constitute an irregularity, but the appellants do not attack the validity of the proceedings on this ground.

Objections to the construction of the sewer after the adoption of plans and specifications, and resolution declaring the necessity to construct the same, would be a useless formality.

It has been held that notice of the resolution, of necessity, the purpose of which is merely .to invite the views, and counsel of the property owners, is not essential to the jurisdiction or to the validity of an assessment.  Hughes v. Parker, 148 Ind. 692, 48 N. E. 243; Paving Co. v. Edgerton, 125 Ind. 455, 25 N. E. 436; Quill v. City of Indianapolis, 124 Ind. 292, 23 N. E. 788, 7 L. R. A. 681.  The complaint is not subject to the objection urged.

It seems to be well settled that the Legislature unless restricted by the state Constitution may make immaterial any statutory requirement which it could have dispensed with in the first instance.  Nottage v. Portland, (Ore.) 58 Pac. 884; Warren v. Boston, (Mass.) 72 N. E. 1022; Richman v. Muscatine (Ia.) 42 N. W. 422; Phillip v. City of Sioux Falls, 5 S. D. 524, 59· N. W. 881; Pittsburgh v. Fish, 63 N. E. 454; City of Denver v. Londoner, (Col.) 80 Pac. 119; Evans v. Fall River, 9 S. D. 130, 68 N. W. 195.

It is settled law that if a legislature could in the first instance have dispensed with the provision requiring notice of adoption of plans and specifications, it has the power to validate any assessment void by reason of the failure to give such notice.  Richman v. Muscatine County, (Ia.) 42 N. W. 422; Crist v. Buffalo, 82 N. Y. 204.

On the proposition that if at some stage of the proceeding, before the levy of the assessment has become final, the property owner has an opportunity to be heard in his behalf: It is sufficient· to satisfy the constitutional provision relative to taking property "without due process of law" and therefore the Legislature could dispense with all other notices or validate assessments irregular

for want of such notices, we cite the court the following cases directly in point: Dawson v. Sipskind, (Ind.) 89 N. E. 863; Benedict v. Merion County, (Ore.) 93 Pac. 231; Perry v. Davis, (Okla.) 90 Pac. 865; Denver v. Dumars, (Colo.) 80 Pac. 116; Denver v. Londoner, (Colo.) 80 Pac. 119; Evans v. Fall River, (S. D.) 69 N. W. 195; Fruin v. St. Louis, 111 S. W. 88; Garvin v. Dossman, 16 N. E. 830; Quill v. City of Indianapolis, 23 N. E. 788; Barber v. Edgerton, 25 N. E. 436. In the case of Phillips v. City of Sioux Falls, 5 S. D., 524, 59 N. W. 881.

The Legislature has the power to validate all irregularities and defects. Richman v. Muscatine, 42 N. W. 222.

In the case of Daly v. Grubbins, 82 N. E. 659, the answer alleged that no plans and specifications for the improvement had been adopted, or was in existence, and denied the publication of the notice relative to the adoption of such plans. The court held that at best the defects were only irregularities in the procedure. Barber v. Edgerton, 25 N. E. 436; Edwards v. Cooper, 79 N. E. 1047; Lewis v. Albertson, (Ind.) 53 N. E. 1071.

When a notice has been duly published for the required period even if defective, it is not a jurisdictional defect but a mere irregularity. Owen v. City of Marion, 103 N. W. 381, and cases cited, supra.

"The assumption of jurisdiction and the exercise of authority is a decision upon the question of notice without any formal entry declaring the notice sufficient." Updegraff v. Palmer, (Ind.) 6 N. E. 355.

"Regardless of the statute, however, it must be considered as settled by the decisions and upon established principles, that where it appears in a proceeding of this character, that an attempt was made to give notice, and some notice was given, which the body charged with the duty of acting, adjudged to be sufficient, a party whose property is to be benefited by the improvement cannot quietly stand by and receive the benefit, and then question the regularity of the proceedings." Ross v. Stachhouse, (Ind.) 16 N. E. 501; Daly v. Grubbins, supra; Edwards v. Cooper, supra; Lewis v. Albertson, supra; Kiphart v. Pittsburg, (Ind.) 34 N. E. 370; Barber v. Edgerton, 25 N. E. 437; Updegraff v. Palmer, (Ind.)

6 N. E. 353; Edwards v. Cooper, 79 N. E. 1037; Daly v. Grubbins, 82 N. E. 659; McNamee v. Tacoma, (Wash.) 64 Pac. 791.

"Underlying all the rules for the construction of statutes, is the cardinal and general one, that in construing a statute, the court will seek to discover and carry out the intention of the Legislature in its enactment. In the search for that intention, the court will look to each and every part of the statute; to the circumstances under which it was enacted; to the old law upon the subject, if any; to other statutes upon the same subject or relative subjects, whether in force or repealed; to contemporaneous legislative history; and to the evils and mischief to be remedied." Barber v. Edgerton, 25 N. E. 436.

It is absurd to contend that it is necessary to plead that which it is unnecessary to prove. If this contention is correct the provision which cures all irregularities and defects is meaningless and absolutely useless.

SMITH, J. Appeal from the circuit court of Brookings county. Action to recover an amount alleged to be due on a sewer certificate issued by the city of Brookings to the plaintiff, Haggart, as contractor, against property owned by defendants, for the construction of sewerage. The complaint demands judgment for the amount of the certificate, $50 attorney's fees, and prays that defendant's property be sold according to law to satisfy the judgment. The complaint sets out in minute detail each step in the proceedings of the municipal authorities, creating sewerage districts, the contract under which the sewerage was constructed, the acceptance of the work, and other matters. The complaint is very voluminous, and no useful purpose would be served by an attempt to recapitulate its allegations and recitals. Defendants filed a general demurrer to the complaint, which was overruled. This appeal is from the order overruling the demurrer. The sewerage proceedings were under the provisions of chapter 213 of the Laws of 1903. Only two objections to the complaint are urged by appellant upon the demurrer: First. That chapter 213, Laws of 1903, provides for sewerage districts and contemplates equality of special taxation only within subdistricts, and is unconstitutional

under the provision of section 10, art. 11, of the Constitution. Appellant contends that this section requires special taxes for local improvements to be uniform throughout the jurisdiction of the municipality levying the same. Second. That the complaint does not state a cause of action, for the reason that it fails to allege the giving of the notice of hearing required by section 3 of the act of 1903. Section 1 of the act, among other things, provides that any city shall have full power to construct systems of sewerage in such manner and under such regulations as the city council shall deem expedient, but shall not enter upon such construction until such city shall have been divided into sewerage districts, nor until a plan shall have been adopted therefor. Section 2 provides that the city shall first cause diagrams of proposed plans to be prepared. Section 3 provides that, upon the completion of diagrams of the proposed sewerage, notice shall be given in the official newspaper of the city that plans for district sewerage have been prepared, and are open for inspection at the office of the city auditor; that all persons owning or interested in real estate in the district are entitled to examine the same at any time within 10 days after the first publication of the notice, and to file objections thereto; that on the day specified in the notice the city council will be in session at the council chamber, to consider objections filed, and that all persons may then and there be heard; that such hearing shall be within 10 days after the last publication of the notice, which must be published at least once a week, for two consecutive weeks. On the day specified the city council must take up and consider all objections to the proposed plans, and, when a plan is finally determined upon and adopted, a complete diagram thereof shall be prepared and filed in the office of the city auditor. Section 6 provides that, after such plans have been adopted, whenever the city shall deem it necessary to construct any sewer, the city council shall, by resolution, declare the necessity therefor, and 10 days' notice of the passage of such resolution shall be given by publication in the official newspaper of the city, which notice shall state the time and place when and where property owners may make objections to the construction of such sewerage. The complaint in this case does

not allege the giving of the first of these notices, namely, of the time and place of the meeting of the city council at which persons owning or interested in real estate in the district may file objections to the proposed plans of sewerage, as shown by diagrams. The complaint does allege that on March 23, 1907, the city council divided the city into two sewerage districts by ordinance, and caused diagrams and plans for a system of sewerage for each district to be prepared; that thereafter notice of the time and place of hearing and considering objections to said plans and to the construction of a sewerage system was given by publication of the following notice: "Notice of sewerage construction. Notice is hereby given that the city council of the city of Brookings, South Dakota, has under consideration the passage of a resolution declaring it necessary to construct a complete sewerage system in Sewerage District No. one (1) of said city entitled, 'An ordinance relating to sewerage districts. Approved March 23, 1907,' according to plans and specifications for such sewerage system now on file in the office of the city auditor of such city, and that all property owners along the line of proposed sewers may appear before the city council at the council chambers in the city hall of said city on the 19th day of April, A. D. 1907, at eight o'clock p. m. of said day, and may then and there make objections to the construction of said sewer, and to the final passage of such resolution. Dated at Brookings, South Dakota, this 1st day of April, A. D. 1907."

It is respondent's contention that the act which provides for sewerage districts and for equality of special assessments or taxation within such districts is constitutional and valid, and that the notice above set forth is a sufficient compliance with the provisions of the statute, and that the trial court committed no error in overruling the demurrer. We shall consider these contentions in the order indicated.

[1] It was held in Bailey v. Sioux Falls, 28 S. D. 118, 132 N. W. 703, that section 17, art. 6, of the state Constitution, requiring all taxation to be equal and uniform, controls special assessments and special taxation within taxing districts. Whittaker v. Deadwood, 23 S. D. 538, 122 N. W. 590, 139 Am. St. Rep. 1076.

The declaration of that section that "all taxation shall be equal and uniform" embodies a general rule or principle applicable alike to every form of taxation, whether it be special taxation or assessment of contiguous property, for local improvements, or taxation for general corporate purposes. This provision is not a grant of power to the legislative branch of the government, but is a limitation upon legislative power expressly granted by other provisions of the Constitution. Section 10, art. 11, of the Constitution, confers authority on the Legislature to vest governing bodies of cities, towns, and villages with power to tax for the purposes therein specified, first, by special taxation of contiguous property for local improvements; and, second, by general taxation for corporate purposes. The section reads as follows: "The Legislature may vest the corporate authority of cities, towns and villages with power to make local improvements, by special taxation of contiguous property, or otherwise. For all corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, but such tax shall be uniform in respect to persons and property within the jurisdiction of the body levying the same."

[2] It is appellant's contention that the latter clause, "such tax shall be uniform in respect to persons and property within the jurisdiction of the body levying the same," applies to and is a limitation upon the power to grant municipal bodies authority to levy special taxes for local improvements, and requires that special taxes levied for local improvements shall be uniform upon all property within the jurisdiction of the body levying the same. We think appellant is in error in this contention. The two kinds of taxation contemplated by this section are different in character, application, and mode of levy.

It is settled by the decisions of this court, sustained by the great weight of authority, that special assessment or special taxation is lawful and constitutional only when founded upon special benefits accruing from the improvement for which the tax or assessment is laid. In very few, if any, cases would it be possible for a local improvement to specially benefit all property within a municipality, and, if the construction contended for by

appellant be adopted, it is apparent that special assessments or taxation for local improvements must in such cases be held unconstitutional under that provision of section 13, art. 6, which declares that "private property shall not be taken for public use without just compensation." Bailey v. City of Sioux Falls, supra; Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345; Whittaker v. City of Deadwood, 23 S. D. 538, 122 N. W. 590, 139 Am. St. Rep. 1076.

It is absolutely clear that section 10, art. 11, was intended to confer upon the Legislature power to authorize municipalities to make local improvements by special taxation of contiguous property or otherwise, and if it be held, as contended by appellant, that special taxation for local improvements must "be uniform in respect to persons and property within the jurisdiction of the body levying the same," the latter provision of section 10 would in effect nullify the authority of the Legislature to authorize special taxation for local improvements, contained in the first clause of the section. To our minds it is entirely clear that the clause, "such tax shall be uniform," refers only to taxes levied for general corporate purposes, and not to special taxes or assessments for local improvements. But this view in no manner affects or modifies section 17, art. 6, of the Constitution, which requires that "all taxation shall be equal and uniform." As applied to special taxation and special assessments for local improvements, the requirements that all taxation shall be equal and uniform is fully met when special assessments or taxes are uniform as to all property benefited by the local improvements for which they are laid, in proportion to benefits conferred by such improvements. In Bailey v. City of Sioux Falls, supra, it was unnecessary to determine the constitutionality of chapter 110, Laws 1909, which provides that cities may be divided into sewerage districts. The court there held that the municipal authorities had failed to proceed in accordance with the act itself, and for that reason the proceedings were without authority and void. In the view we take of the present appeal, the same situation exists, but we are of opinion the public interests require that the question of the constitutionality of these acts authorizing the creation of sewerage districts be finally settled and determined.

[3] In construing particular provisions of the Constitution, the same rule applies as in construing legislative acts, viz., that effect be given, if possible, to each and every part, and that a particular provision will not be so construed as to nulify the operation or effect of other provisions in the same Constitution or legislative act. This rule was applied in Bailey v. City of Sioux Falls, supra, where it was held that section 10, art. 11, granting the Legislature authority to vest municipalities "with power to make local improvements, by special taxation of contiguous property, or otherwise," is limited by section 13, art. 6, inhibiting the taking of private property for public use without just compensation, and that the owner of private property could not be deprived thereof by means of special assessments or taxation for local improvements, regardless of special benefits to his property. To have held otherwise would have rendered the provision of section 13, art. 6, inoperative as applied to the taking of private property under the guise of special taxation for municipal purposes.

[4] Precisely the same result would follow were it held that municipal authorities may be empowered to make local improvements by special taxation of all property "within the jurisdiction of the body levying the same," regardless of benefits. And, if appellant is right in his contention, we must hold that special taxes may be levied for local improvements on all property within the municipality without regard to benefits or the power to authorize special taxation for local improvements must be denied entirely. The various provisions of the Constitution referred to should be given such interpretation as to render them harmonious and operative, and this may be done by construing the language used in section 10, art. 11, as referring to distinct modes of taxation for separate and distinct purposes, and holding that the requirement that "such tax shall be uniform in respect to persons and property within the jurisdiction of the body levying the same" applies only to taxes levied for corporate purposes, including general taxation for local improvements, where the municipal authorities see fit to adopt that mode instead of resorting to special taxation or assessments. We are sustained in this view by the almost unanimous decisions of courts of last resort in states hav-

ing similar constitutional provisions. A review of the decisions would serve no useful purpose, and would extend this discussion beyond reasonable limits, and for that reason we shall not attempt it. We hold that the provision in the last clause of section 10, art. 11, requiring that "the tax shall be uniform in respect to persons and property within the jurisdiction of the body levying the same," does not apply to the preceding provision in the same section, relating to special taxation of contiguous property for local improvements, but that the clause last referred to is controlled by the provision of section 17, art. 6, requiring all taxation to be equal and uniform. It was not necessary to decide that question in Turner v. Hand County, 11 S. D. 348, 77 N. W. 589, and language used in that case, if construed as holding a different view, is obiter dictum, and dies not express the views of the court in the present case.

[5] Appellant's second contention is that the complaint does not state a cause of action, in that it fails to allege the giving of one of the notices required in sewerage proceedings. The statute provides for two distinct notices and hearings. The first relates to the adoption of plans and diagrams for a sewerage system, and a hearing upon objections thereto. The statute then provides that at any time after plans and diagrams have been considered, adopted, and filed with the city auditor a notice may be given of the time and place at which the necessity for the construction of the sewerage will be considered and determined, when all persons may appear and file objections. The paragraph of the complaint attacked by the demurrer appears to be an attempt to allege a combination of these two notices and hearings in one, upon the theory that hearing upon both questions under a single notice is substantial compliance with the statute. The complaint, however, sets out in haec verba the notice which was given. The language used in the notice makes it entirely clear that the hearing contemplated was not upon the adoption of the proposed plans and diagrams for sewerage, but to consider whether a necessity existed for the construction of sewerage. It is apparent from the notice itself, as pleaded, that the complaint does not allege either in substance or effect the giving of the initial notice required by sec-

tion 3 of the statute. It is universally held by the courts and text-writers that notices required by statute as the foundation for these proceedings are essential to jurisdiction. Section 6 of the act in question provides that after notice the city shall, by resolution, declare the necessity for sewerage, and from the time of the adoption of such resolution the city council shall have jurisdiction to make the improvements therein specified, and assess the costs thereof upon the property benefited thereby. Respondent appears to construe the demurrer as an attack upon the sufficiency of the notice pleaded in the complaint to comply with the requirements of section 6 of the act. The notice is a sufficient compliance with that section. It recites that "the city council * * * has under consideration, the passage of a resolution declaring it necessary to construct a complete sewerage system, * * * that plans and specifications for a sewerage system are on file in the office of the city auditor, and that property owners along the line of proposed sewerage, may appear before the city council * * * and may then and there make objections to the construction of said sewer and to the final passage of such resolution." The notice provides only for a hearing on the question of necessity, and does not purport to offer the property owner an opportunity to be heard on the question of benefits and assessments, which is contemplated by section 3 of the act. The real question presented by the record is the effect of the entire absence of one of the preliminary notices and hearings required. The notice published contains a recital that plans and diagrams of the proposed sewerage are on file in the office of the city auditor, but does not contain even a recital that the notice required by section 3 of the act was ever given, or that a hearing was ever had as required by that section. Section 1 of the act expressly provides that the city "shall not enter upon such construction until a plan shall have been adopted therefor." It is evident that the effect of the notice actually given cannot be enlarged in its legal operation or effect by allegations of the complaint which are merely legal conclusions. Respondent's counsel contends that this notice and hearing afford the property owner a sufficient opportunity to be heard, not only on the question of the necessity of the proposed sewerage, but also to urge objec-

tions to the plans of sewerage proposed. The case of Pittsburgh, C., C. & St. L. Ry. Co. v. Fish, 158 Ind. 525, 63 N. E. 454, cited by respondent, does not sustain this contention. The Indiana statute contains a provision for notice and a hearing upon the adoption of plans for proposed sewerage, and a provision for another notice and a hearing at which owners along the line of the proposed improvement may object to the necessity for the construction thereof. Burns' Ann. Stat. Revised of 1894, §§ 4294, 4289. In the case cited the complaint contains express averments that notice of the proposed kind and character of the improvements, of the filing of plans, and of the time and place of hearing of grievances was given as required by section 4294, but no averment as to notice of adoption of the resolution of necessity required by section 4289. The court held that notice of the resolution of necessity was not essential to jurisdiction, or to the validity of the assessment, for the reason that its purpose was merely to invite the views and counsel of property owners, and followed the decision of that court in Barber Asphalt Paving Co. v. Edgerton, 125 Ind. 455, 25 N. E. 436, in which it was held that: "As to whether a particular improvement is or is not necessary must of necessity be left to the discretion of the common council of the city where the improvement is to be made. This question we think under the statutes in force in this state may be determined by such council without notice to the property owners who are to be affected by such improvement. Assessments to pay for the improvement are made upon the assumption that the property affected is benefited in a sum equal to the cost. But whether such improvement does or does not benefit the property in a sum equal to its cost is essentially a judicial question upon which the property owner is entitled to notice and a hearing." An examination of this and other decisions of that court makes it entirely clear that the absence of an averment of the notice and hearing required by section 4294 above referred to would render the complaint fatally defective, because of lack of jurisdiction over the persons of those affected by the proposed improvement. In the case of Barber Asphalt Paving Co. v. Edgerton, supra, that court

says: "It seems to be the settled rule that statutes granting municipal corporations power which involves the imposition of burdens upon private property are to be strictly construed, and where such statute requires the doing of some particular thing in its nature jurisdictional, as a condition precedent to the right of imposing such burden, the failure to do the thing required will render the whole proceeding void"—citing numerous decisions. In 2 Cooley on Taxation 1252-53, it is said: "The most fundamental and imperative of these (principles) is that the statute authorizing an improvement must be strictly pursued; not, indeed, with absolute literalness, but in all important particulars. The observance of every one of the substantial requirements must be regarded as a condition precedent to any valid assessment. None of the steps can be regarded as directory merely. * * * So, if they (the commissioners) are required to give notice of any particular step in the proceedings, a notice to the effect and for the time prescribed is indispensable." The notice and hearing required by the provision of section 3, c. 213, Laws of 1903, was evidently intended to afford the property owner an opportunity to be heard upon the question of benefits to his property and the burden to be imposed thereon under the proposed plans of sewerage. No such opportunity is contemplated at the hearing under the notice required by section 6 of the act, at which only the question of the necessity of the sewerage is to be considered. We are not quite clear whether it is respondent's contention that from the time of the adoption of the resolution of necessity the city council acquired jurisdiction to make the improvements and assess the costs thereof upon property benefited, without the notice and hearing required by section 3 of the act. If such be his contention, we think he is clearly in error. The notice and hearing required by section 3 are essential as conditions precedent to the passage of the resolution required by section 6, declaring the necessity for the construction of sewerage. The proceedings required by section 3 are intended to give the property owner an opportunity to be heard upon the question of benefits, are for his protection, are mandatory in character, and constitute due process of law without which private property may not be taken for public use by special taxation or otherwise.

A substantial compliance with the provisions of this section is indespensable to the jurisdiction of the municipal authorities in these proceedings. The complaint does not state the necessary jurisdictional facts. In Mason v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770, 39 Am. St. Rep. 802, it was held that statutes must be strictly complied with · to render property subject to costs of street improvements, and that the cost of improvements not specifically designated in the resolution and published in the official paper could not be recovered. The court there said: "It is a well-settled rule that, when a municipal corporation seeks to impose upon citizens the burden of making public improvements and to hold the property of the individual liable therefor, the statute authorizing such improvements at the expense of the citizens must be strictly pursued." Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; Ligerwood v. Michalek, 12 N. D. 348, 97 N. W. 541; Coulter v. P. B. C. Co., 131 Mo. App. 230, 110 S. W. 655; Swenson v. Greenland, 4 N. D. 532, 62 N. W. 603. See Cyc. 1011-1134; Auditor General v. Calkins, 136 Mich. 1, 98 N. W. 742; Dumars v. City of Denver, 16 Colo. App. 375, 65 Pac. 580; Chambers v. Satterlee, 40 Cal. 497; Ricketson v. City of Milwaukee, 105 Wis. 591, 81 N. W. 864, 47 L. R. A. 685; City of De Soto ex rel. v. Showman, 100 Mo. App. 323, 73 S. W. 257; Petition of Manhattan R. Co. to Vacate an Assessment, 102 N. Y. 301, 6 N. E. 590; Bolton v. Gilleran, 105 Cal. 244, 38 Pac. 881, 45 Am. St. Rep. 33; Cal. Improvement Co. v. Moran, 128 Cal. 373, 60 Pac. 969.

[6] Respondent next contends that the complaint is sufficient because it alleges facts which are made by statute prima facie evidence of the regularity of the proceedings necessary to fix defendant's liability upon the assessment certificate, and that the admission of such facts by the demurrer establishes a cause of action. This contention is based upon sections 18 and 25 of the act, the first of which provides that acceptance of the work and issuance of the certificate of assessment to the contractors shall be conclusive evidence of the regularity of all proceedings in "letting the contract, acceptance of work, and making the special assessment as herein provided." The latter section provides that acceptance of the work by the city council upon the certificate of the city engi-

neer "shall be prima facie evidence that the contract has been complied with and the assessment exists." It is sufficient to observe that both of these sections relate to the regularity of proceedings after jurisdiction has been acquired by publication of the notice giving the property owner opportunity to be heard upon the question of benefits, as required by section 3 of the act, and not to the jurisdictional proceedings required.

[7] It is equally clear that these sections prescribe rules of evidence, and do not purport to change or in any manner affect the ordinary rules of pleading. The precise point was determined in Himmelman v. Danos, 35 Cal. 441. In that case the court said: "If, admitting all the facts stated to be true, the liability of the defendant does not follow as a legal conclusion, the complaint is bad. This is true of every complaint, regardless of the subject-matter. The performance of all conditions which are precedent to the liability of the defendant, whether founded upon a contract or a statute, must be alleged in some form, either general or special. In actions upon contracts, a general allegation of performance of conditions precedent is declared sufficient by our statute (Practice Act [St. 1851, p. 59] § 60), but a general allegation of the performance of conditions prescribed by a statute has not been so declared, and is not therefore sufficient (Dye v. Dye, 11 Cal. 163; People v. Jackson, 24 Cal. 630). The same rule prevails as to judgments and determination of courts, tribunals, boards, and officers of inferior or special jurisdiction. In favor of such the law intends nothing; hence, if the liability of the defendant depends upon them, the facts conferring jurisdiction must be specially alleged at common law; but, under our statute, an allegation that the judgment or determination was duly given or made is declared sufficient. Practice Act, § 59. In the present case the liability of the defendant depends upon the performance of the several steps enumerated in the statute by the officers of the city government. The complaint must show, by either special or general averments of the character permitted by our statute, that the various provisions of the statute under which it is sought to charge the defendant were complied with, for, unless they have been complied with, the defendant is not liable. * * * If

they were not taken, the board had no power to award the contract, and hence no liability was cast by it or the subsequent steps, however regular they may have been, upon the defendant. * * * The alleged sufficiency of the complaint is grounded, however, by the respondent, upon a provision found in the thirteenth section of the statute in relation to street improvements, * * * which is to the effect that the assessment warrant and diagram with the affidavit of demand and nonpayment shall be prima facie evidence of the defendant's indebtedness and of the right of the plaintiff to recover. Upon that head it is sufficient to say that the provision in question does not establish a rule of pleading, but a rule of evidence only." The rule thus announced was approved by that court in Oakland Bank v. Sullivan, 107 Cal. 428, 40 Pac. 546, where the court said: "We do not overlook the ruling in the case cited (Himmelman v. Danos), that the presumption declared by the statute is one of evidence, and not of pleading. The ruling is no doubt correct, and its effect is to require the statement in the complaint in cases° of this character of matters necessary to show the contractor's right to recover, laying the presumption out of sight." The exact question is also considered in Welch v. Town of Roanoke, 157 Ind. 398, 61 N. E. 791. See Cyc. 1233-34-35; Cleveland, C., C. & St. L. Ry. Co. v. Edward C. Jones Co., 20 Ind. App. 87, 50 N. E. 319; Burris v. Baxter, 25 Ind. App. 536, 58 N. E. 733; Himmelman v. Townsend, 49 Cal. 150. Section 138 Code of Civil Procedure, which provides that it shall not be necessary in certain cases to plead facts conferring jurisdiction, but, the pleading may state that a judgment or determination of a court or officer of special jurisdiction has been "duly given or made," need not be considered here, for the reason that the complaint contains no statement or allegation which could raise the question of the application of that section. The complaint was evidently framed under the general rule, which requies that the pleadings in such cases shall allege performance of all conditions precedent to the liability of the defendant. Respondent's contention that the rule announced in Himmelman v. Danos, supra, is repudiated in the later case of Raisch v. Hildebrandt, 146 Cal. 721, 81 Pac. 21, and other cases cited, is not correct. In that

case, as in the other cases cited, it is expressly stated that the complaint contains the averments necessary to a complete cause of action on the lien, and the question there decided was the sufficiency of the proof when considered in connection with facts alleged in the complaint and admitted by the answer. And the case of Himmelman v. Danos was also cited by the court in the Raisch Case, as authority for holding allegations of the complaint material. Other questions are discussed in the briefs of counsel, which we deem it unnecessary to consider, for the reason that we regard the complaint as fatally defective for want of allegations which show a compliance with section 3 of the act under consideration.

[8] Respondent's contention that irregularities in the proceedings are rendered immaterial by certain sections of the statute referred to as curative, on the theory that an act may declare any irregularity immaterial, where the particular requirement might have been omitted from the act, is erroneous as applied to this case. The Legislature is without power to declare that the steps essential to jurisdiction, the notice and hearing which constitute due proceess of law, shall be considered immaterial. Respondent's contention that appellant should be held estopped from denying the validity of the assessment or of the lien cannot be considered upon this appeal. The complaint contains no averments upon which an estoppel could be founded, even if the question could be raised by demurrer, which we do not decide.

The order overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.

HANEY, J., not sitting.